O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMIE DOHERTY PRICE, | ) | Case No. CV 12-869 CAS |
| | ) | Case No. CR 98-892 CAS |
| Petitioner, | ) | |
| | ) | PETITION FOR WRIT OF ERROR |
| vs. | ) | CORAM NOBIS (Docket #156, filed |
| | ) | January 31, 2012) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## I. INTRODUCTION AND BACKGROUND

On October 20, 1998, petitioner Jamie Doherty Price pled guilty to both counts of a two-count Indictment filed against him and three co-defendants. Dkt. #2, 49.[1] Count one of the Indictment charged petitioner with conspiracy to obstruct interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), and count two of the Indictment charged petitioner with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Id.

///

---

[1] All references to the docket relate to Case No. CR 98-892 CAS.

On January 21, 1999, petitioner received a sentence of one hundred and one months imprisonment and three years of supervised release, and was also ordered to pay $38,200.00 in restitution to the victim of the robbery. Dkt. #63. Petitioner was released from custody on January 11, 2006, and subsequently completed the terms of his supervised release. He has not, however, paid the full amount required under the restitution order, due to financial hardship.

Petitioner's co-defendant, Jimmy Hung ("Hung"), did not plead guilty, and at a bench trial, he contended that the government could not produce sufficient evidence to satisfy the jurisdictional element of the Hobbs Act, which requires that a robbery "affect interstate commerce." See 18 U.S.C. § 1951(a). The Court found that the government introduced sufficient evidence of an effect on interstate commerce, and Hung was convicted on both counts. Hung appealed, and in light of intervening case law, the Ninth Circuit reversed Hung's conviction with instructions to dismiss the case for lack of jurisdiction. United States v. Hung, 45 Fed. Appx. 793, 794 (9th Cir. 2002) (relying on United States v. Lynch, 282 F.3d 1049, 1051 (9th Cir. 2002)).

On January 31, 2012, petitioner filed the instant petition for writ of error *coram nobis*, which asks the Court to vacate his conviction. On August 2, 2012, the government filed an opposition, and on September 14, 2012, petitioner filed a response. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A petition for a writ of *coram nobis* allows an individual to collaterally challenge a conviction even if he or she is no longer in custody and the sentence has been fully served. United States v. Morgan, 346 U.S. 502, 512–13 (1954). Seeking a writ of *coram nobis* is proper for an individual who seeks post-conviction relief but has served her term of imprisonment, because "habeas corpus relief is not available . . . to a defendant who has served his sentence and has been released from custody." Hirabayshi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

A writ of *coram nobis* is an "extraordinary remedy," and it should only be issued when necessary to achieve justice. Morgan, 346 U.S. at 511. To qualify for the writ, a petitioner must show the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi, 828 F.2d at 604.

## III.   DISCUSSION

Petitioner argues that, in light of the Ninth Circuit's decision overturning Hung's conviction, it was error for the Court to accept his guilty plea and enter a conviction against him under the Hobbs Act. According to petitioner, the Ninth Circuit's decision vacating Hung's conviction shows that the robbery underlying petitioner's conviction did not "affect interstate commerce" within the meaning of the Hobbs Act, leading to the conclusion that the federal government lacked jurisdiction to prosecute him under the Hobbs Act. Petitioner concludes that he was prosecuted by the government without jurisdiction, and the Court should now remedy that error by vacating his conviction.

"As a general rule, a defendant who enters a voluntary and intelligent guilty plea may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." United States v. Garcia-Valenzuela, 232 F.3d 1003, 1005 (9th Cir. 2000). This general rule acts as a bar to post-plea collateral attacks on a conviction that contest the "factual guilt" of the petitioner. Id; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary intelligent, it quite validly removes the issue of factual guilt from the case."). There is an exception to this rule, however, where a defendant's challenge to his guilty plea challenges the government's jurisdiction to prosecute him for the charges to which he pled guilty. Id.; United States v. Caperell, 938 F.2d 975, 977 (9th Cir. 1991) ("Although a guilty plea generally waives

1  all claims of constitutional violation occuring before the plea, 'jurisdictional' claims are
2  an exception to this rule."). Pursuant to this exception, courts have found that a
3  petitioner can collaterally attack a guilty plea on the several grounds, including claims
4  for vindictive prosecution, violation of the double jeopardy clause, challenges to the
5  constitutionality of the statutes underlying the indictment, and claims that the indictment
6  fails to state an offense. Garcia-Valenzuela, 232 F.3d at 1005. Such challenges are
7  appropriate because they seek to overturn a conviction for reasons unrelated to the
8  petitioner's factual guilt. Id.

9   While a guilty plea can be challenged on the grounds that the government lacked
10 jurisdiction to prosecute the petitioner, a guilty plea can conclusively establish factual
11 allegations that underlie the government's jurisdiction. United States v. Mathews, 833
12 F.2d 1651, 163 – 164 (9th Cir. 1987), abrogated on other grounds by Young v. Holder,
13 697 F.3d 976, 986 (9th Cir. 2012) (en banc). In Mathews, the petitioner was indicted for
14 kidnapping under 18 U.S.C. § 1201, for allegedly abducting a young boy and
15 transporting him from Oregon to Washington. Mathews, 833 F.2d at 162. Although the
16 petitioner pled guilty to this charge, he later collaterally attacked this guilty plea on the
17 grounds that he did not, in fact, transport the victim to Washington, which would
18 undermine the factual basis of federal jurisdiction. The petitioner acknowledged that he
19 had pled guilty to facts establishing jurisdiction, but he claimed that a guilty plea could
20 not form the basis of federal jurisdiction. The Ninth Circuit rejected this argument, and
21 held that "[j]urisdiction arises by operation of law when certain facts alleged in the
22 indictment are proved, whether by guilty plea, by judgment, or by jury verdict." Id. at
23 163. The Ninth Circuit further explained that "[t]he defendant, by pleading guilty,
24 establishes the factual basis for jurisdiction, but not jurisdiction itself. Jurisdiction
25 derives from the statute." Id.

26   Under Mathews, petitioner's challenge to his guilty plea should be rejected. By
27 pleading guilty, petitioner admitted to the allegation in the indictment that petitioner

4

conspired to "obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery and threatening physical violence against another person, in violation of Title 18, United States Code, Section 1951." Dkt. #2 at 2. Petitioner has therefore admitted to a factual basis for federal jurisdiction in this case, and cannot challenge his conviction on the grounds that there is evidence undermining this factual basis.

Additionally, developments in the law regarding the conditions under which certain acts "affect interstate commerce" under the Hobbs act are not relevant to the analysis, nor is the fact that petitioner's co-defendant Hung was able to successfully overturn his conviction. Since the indictment alleges that the robbery affected interstate commerce, petitioner's guilty plea conclusively establishes this fact. On collateral review, if the Court were to reconsider whether the robbery affected interstate commerce, it would be reopening the issue of factual guilt, which is improper. Garcia-Valenzuela, 232 F.3d at 1006; Menna 423 U.S. at 62 n.2. When the resolution of a claim requires a court to look beyond the face of the indictment and the record at the time of the guilty plea, the claim is not "jurisdictional," and cannot form the basis of a collateral attack on a guilty plea. Caperell, 938 F.2d at 977 – 978.

Accordingly, the Court finds no fundamental error regarding petitioner's guilty plea, and therefore concludes that the petition for a writ of *coram nobis* should be denied.

**IV. CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES the petition for a writ of error *coram nobis*.

IT IS SO ORDERED.

Dated: July 9, 2013

_____
CHRISTINA A. SNYDER
United States District Judge