○

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMIE DOHERTY PRICE,<br><br>           Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA ,<br><br>           Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CV 12-869 CAS
Case No. CR 98-892 CAS

MOTION FOR RECONSIDERATION
(Docket #165, filed July 23, 2013)

## I.    INTRODUCTION AND BACKGROUND

On October 20, 1998, petitioner Jamie Doherty Price pled guilty to both counts of a two-count Indictment filed against him and three co-defendants.  Dkt. #2, 49.[1]  Count one of the Indictment charged petitioner with conspiracy to obstruct interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), and count two of the Indictment charged petitioner with using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Id.

///

_____

[1] All references to the docket relate to Case No. CR 98-892 CAS.

On January 21, 1999, petitioner received a sentence of one hundred and one months imprisonment and three years of supervised release, and was also ordered to pay $38,200.00 in restitution to the victim of the robbery. Dkt. #63. Petitioner was released from custody on January 11, 2006, and subsequently completed the terms of his supervised release. He has not, however, paid the full amount required under the restitution order, due to financial hardship.

Petitioner's co-defendant, Jimmy Hung ("Hung"), did not plead guilty, and at a bench trial, he contended that the government could not produce sufficient evidence to satisfy the jurisdictional element of the Hobbs Act, which requires that a robbery "affect interstate commerce." See 18 U.S.C. § 1951(a). The Court found that the government introduced sufficient evidence of an effect on interstate commerce, and Hung was convicted on both counts. Hung appealed, and in light of case law decided between trial and the disposition of the appeal, the Ninth Circuit reversed Hung's conviction with instructions to dismiss the case for lack of jurisdiction, because the Ninth Circuit found that "the government did not present sufficient evidence at trial to prove a nexus between interstate commerce and Hung's conduct." United States v. Hung, 45 Fed. Appx. 793, 794 (9th Cir. 2002) (relying on United States v. Lynch, 282 F.3d 1049, 1051 (9th Cir. 2002)).

On January 31, 2012, petitioner filed a petition for a writ of error *coram nobis*, asking the Court to vacate his conviction. The Court denied the petition in an order dated July 9, 2013. On July 23, 2013 petitioner filed a motion for reconsideration of the Court's order, and filed a supplemental brief in support of the motion on July 30, 2013. No opposition has been filed. After considering petitioner's arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

In his original briefing, petitioner pointed out that the Ninth Circuit vacated Hung's conviction due to a post-trial change in the case law interpreting the Hobbs Act,

1    and argued that the Ninth Circuit's decision shows that this change in the law also

2    justifies overturning his conviction.  In particular, petitioner argued that the reversal of

3    Hung's conviction in light of intervening law conclusively proves that the robbery

4    underlying petitioner's conviction did not "affect interstate commerce" within the

5    meaning of the Hobbs Act.  Petitioner concluded that because the robbery underlying his

6    conviction did not affect interstate commerce, the federal government lacked jurisdiction

7    to prosecute him under the Hobbs Act, and the Court should therefore vacate his

8    conviction.

9        In an order dated July 9, 2013, the Court denied the petition.  While the Court

10   acknowledged that Hung's conviction was reversed in light of case law decided after

11   petitioner pled guilty, the Court explained that because petitioner—unlike Hung—had

12   pled guilty, this change in law did not provide a basis for vacating petitioner's

13   conviction.  The Court began its analysis by explaining that a defendant who enters a

14   guilty plea cannot bring a post-plea collateral attack contesting his "factual guilt," but

15   can only bring challenges asserting reasons to overturn a conviction unrelated to factual

16   guilt, such as a challenges asserting that a conviction was entered pursuant to an

17   indictment that fails to state an offense.  Dkt. #165 at 3 – 4 (discussing United States v.

18   Garcia-Valenzuela, 232 F.3d 1003, 1005 (9th Cir. 2000); Menna v. New York, 423 U.S.

19   61 (1975)).

20       Applying these principles to petitioner's case, the Court found that petitioner

21   could not challenge whether the government had jurisdiction to prosecute him under the

22   Hobbs Act.  The Court explained that petitioner's guilty plea established the facts

23   underlying the government's jurisdiction to prosecute him under the Hobbs Act, because

24   petitioner admitted that he had conspired to "obstruct, delay, and affect commerce and

25   the movement of articles and commodities in commerce, by robbery and threatening

26   physical violence against another person, in violation of Title 18, United States Code,

27   Section 1951."  Dkt. #165 at 5; United States v. Mathews, 833 F.2d 161, 163 – 164 (9th

28

1    Cir. 1987) ("[A] guilty plea conclusively proves the factual allegations contained in the
2    indictment, but does not confer jurisdiction. Jurisdiction arises by operation of law when
3    certain facts alleged in the indictment are proved, whether by guilty plea, by judgment,
4    or by jury verdict."), abrogated on other grounds by Young v. Holder, 697 F.3d 976, 986
5    (9th Cir. 2012) (en banc). Therefore, because petitioner's guilty plea conclusively
6    established the facts underlying Hobbs Act jurisdiction, the Court explained that the
7    post-plea developments in Hobbs Act jurisprudence underlying the reversal of Hung's
8    conviction provided no grounds for overturning petitioner's conviction. Dkt. # 165 at 5.
9    In other words, the Court's decision reasoned that because petitioner's guilty plea
10   conclusively established the existence of a factual basis for Hobbs Act jurisdiction,
11   petitioner, unlike Hung, could not invoke developments in Hobbs Act jurisprudence to
12   contest whether such a factual basis exists.

13        In his motion for reconsideration, petitioner argues that the Court misconstrued
14   Mathews. According to petitioner, Mathews does not categorically bar a petitioner
15   seeking post-plea collateral review of a conviction from challenging whether there was a
16   factual basis underlying the government's jurisdiction to prosecute the petitioner.
17   Instead, according to petitioner, Mathews only stands for the proposition that an
18   individual who has entered into a knowing and voluntary guilty plea cannot seek a
19   hearing in which to present new evidence challenging the factual basis of the
20   government's jurisdiction to prosecute that individual. Mathews is therefore
21   inapplicable, according to petitioner, because he is not seeking a hearing in which to
22   introduce new evidence. Instead, petitioner explains that he only asks the Court to take
23   notice of the Ninth Circuit's conclusion that the government failed to offer adequate
24   evidence in the case against Hung, and then apply this conclusion to petitioner's case.

25        The Court rejects this argument. In Mathews, the Ninth Circuit made clear that a
26   guilty plea operates as conclusive proof regarding the jurisdictional facts alleged in an
27   indictment, and therefore that a petitioner seeking collateral review cannot contest those
28

facts, through an evidentiary hearing or otherwise.  Mathews, 833 F.2d at 164; Garcia-Valenzuela, 232 F.3d at 1006; Menna 423 U.S. at 62 n.2.  Mathews therefore leads to the conclusion that the petition must be denied, because petitioner is challenging not the legal sufficiency of his indictment under the Hobbs Act, but instead, pointing to the result in Hung's case, is challenging whether the government could have introduced sufficient evidence at trial to obtain a conviction.[2]  As explained in the Court's previous order, this argument impermissibly seeks to reopen the issue of factual guilt in light of intervening case law, and therefore must be rejected under Ninth Circuit authority.

Accordingly, the Court declines to reconsider its prior order.

## III.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES petitioner's request for reconsideration.

IT IS SO ORDERED.

Dated: August 14, 2013

_Christine A. Snyde_

CHRISTINA A. SNYDER
United States District Judge

---

[2] Although petitioner does not explicitly refer to the doctrine of collateral estoppel, in some portions of his briefing, it appears that petitioner may be attempting to invoke this doctrine: petitioner is arguing that the issue of whether the robbery affected interstate commerce was resolved against the government in Hung's case, and that this determination is also binding on the government in petitioner's case.  Ashe v. Swenson, 397 U.S. 436, 443 (1970) ("Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law . . . .").  Collateral estoppel is not, however, applicable in petitioner's case, because, among other reasons, he pled guilty before Hung's trial and appeal, and therefore the government never sought to "re-litigate" the issue of whether the robbery affected interstate commerce in connection with petitioner's case.  Id. ("[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); United States v. Arnett, 327 F.3d 845, 848 (9th Cir. 2003).